# EXHIBIT B

**TO**

**PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACTS**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROBERT B. DEINER and MICHELLE S. DEINER** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **vs.** | ) | **No. 05-971 T (Judge Christine O.C. Miller)** |
| **THE UNITED STATES** | ) | |
| **Defendant-Counterplaintiff.** | ) | |

**ANSWER**

In answer to the Complaint, Defendant denies each and every allegation that is not admitted or otherwise specifically addressed below.

1. Defendant admits that Robert and Michelle Deiner are the plaintiffs in this suit. Defendant lacks knowledge or information sufficient to form a belief as to plaintiff's current residence.

2. Defendant admits the allegations in paragraph 2.

3. Defendant admits that this suit arises under the internal revenue laws of the United States and seeks a refund of taxes and penalties paid by Plaintiffs. Defendant denies that the taxes and penalties were erroneously or illegally assessed.

4. Defendant admits that this Court has jurisdiction of this case but states that this Court has jurisdiction pursuant to 28 U.S.C. §1491(a).

5. Defendant interprets paragraph 5 to allege that Plaintiffs filed a claim for refund with the Internal Revenue Service in accordance with 26 U.S.C. §7422(a). Defendant admits that

Plaintiffs filed a claim for refund. To the extent paragraph 5 makes other allegations, defendant states that it lacks knowledge or information sufficient to form a belief as to their truth.

6. Defendant admits that plaintiffs timely filed their federal income tax return for the year ending December 31, 2000, on or about October 15, 2001. Plaintiffs were granted an extension until October 15, 2001 to file their return. Defendant denies that Plaintiffs timely paid, by April 15, 2001, $9,868,563.00 in federal income taxes for the year ending December 31, 2000, and denies that they showed this amount as the taxes due for that year on their return filed in October 2001. The return filed in October 2001 showed a tax due of $9,866,759.00 and plaintiffs paid this amount by April 15, 2001. Subsequently, in December 2001, plaintiffs filed an amended return and paid additional taxes in the amount of $1,804.00. With this additional payment, plaintiffs had then paid a total of $9,868,563.00. Defendant denies that this amount was the total federal income tax owed by Plaintiffs for the year ending December 31, 2000. Defendant admits the remaining allegations of paragraph 6.

7. Defendant admits that Plaintiffs jointly file income tax returns with the identification numbers alleged. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiffs are currently married.

8. Defendant denies that no action on the claim for refund has been taken by any department or agency of The United States. The Internal Revenue Service ("IRS") disallowed the claim by letters to Plaintiffs dated October 4, 2005. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 9. To the extent paragraph 9 makes assertions of law, no

response is necessary.

10 - 19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 10 through 19.

20. Defendant admits that plaintiffs timely filed their 2000 tax return by October 15, 2001. Defendant admits that plaintiffs reported $49,770,050.00 of capital gains on line 12 of Schedule D of their 2000 tax return. Defendant admits that plaintiffs paid $9,868,563.00 in federal income taxes in connection with their 2000 Form 1040. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20.

21. Defendant admits that the IRS audited Plaintiffs' 2000 tax return and that Plaintiffs provided the IRS with a copy of the BVS appraisal. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. Defendant admits that a Notice of Deficiency was sent to Plaintiffs at the address alleged on October 8, 2004, by certified mail. Defendant also states that, pursuant to Power of Attorney and Declaration of Representative forms filed with the IRS, Defendant sent Notices of Deficiency to John W. Porter and Lisa Florentino on October 8, 2004. Defendant denies the remaining allegations of paragraph 23.

24. Defendant admits that, as a result of an audit, the IRS adjusted Plaintiffs capital gains for 2000 and set forth those adjustments in the Notice of Deficiency that is attached to Plaintiffs' Complaint. Defendant admits that the Notice of Deficiency reflects an increase in

Plaintiffs' capital gains, based on receipt of the HRN stock, to $79,999,199.00 and an increase in Plaintiffs' total capital gains to $107,050,338.00 for the year 2000. Defendant also admits that the Notice asserted a deficiency in income taxes of $12,664,612.00 and a penalty of $2,532,922.00.

25. Defendant admits that paragraph 25 accurately quotes language from the Notice of Deficiency sent to Plaintiffs.

26. Defendant admits that the Notice of Deficiency included a penalty against Plaintiffs under 26 U.S.C. §6662(a). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26.

27. Defendant denies the allegations of paragraph 27 and states that the Notice of Deficiency to Plaintiffs utilized the same $16 per share value as HRN utilized for amortization purposes in reporting the transaction with Plaintiffs on its year 2000 tax return. Defendant further states that Plaintiffs and HRN did not agree on a valuation for the stock and used different valuations in their respective tax returns.

28. Defendant admits that Plaintiffs paid a total of $15,197,534.40 to Defendant on January 4, 2005. Defendant denies the remaining allegations of paragraph 28 and states that the Notice of Deficiency to Plaintiffs utilized the same $16 per share value as HRN utilized for amortization purposes in reporting the transaction on its year 2000 tax return. Defendant further states that Plaintiffs and HRN did not agree on a valuation for the stock and used different valuations in their respective tax returns.

29. Admitted.

30. Denied. By letter dated October 4, 2005, the IRS notified Plaintiffs of the

disallowance of their refund claim.

31. Defendant acknowledges that, pursuant to RCFC 10(c), the Claim for Refund attached to the Complaint is a part of the Complaint. However, Defendant need not respond to averments that may be in the attachment as if they were allegations in the Complaint. *See*, RCFC 10(c), Rules Committee Note. To the extent Defendant must respond, it denies any allegations in the attachment.

32. Paragraph 32 contains only legal argument to which a response is not required. To the extent it may contain allegations of fact, Defendant denies them.

33. Defendant admits that the Notice of Deficiency states that Plaintiffs did not correctly report the value of the HRN stock, that a portion of the loss claimed from the TMF liquidating trust is disallowed, that the amount claimed as employee compensation by the trust has not been substantiated, that Plaintiffs are liable for a penalty, and that a value of $16 per share of HRN stock was used to determine Plaintiffs' deficiency. The remaining allegations of paragraph 33 are legal argument to which no response is required. To the extent paragraph 33 may contain other allegations of fact, Defendant denies them.

34. Paragraph 34 contains only legal argument to which a response is not required. To the extent paragraph 34 may contain allegations of fact, Defendant denies them.

35. Paragraph 35 contains only legal argument to which a response is not required. To the extent paragraph 35 may contain allegations of fact, Defendant denies them.

36. Paragraph 36 contains only legal argument to which a response is not required. To the extent paragraph 36 may contain allegations of fact, Defendant denies them.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

WHEREFORE, Defendant denies that Plaintiffs are entitled to the relief requested and prays that this Court dismiss Plaintiffs' Complaint with prejudice.

## COUNTERCLAIM

For its counterclaim against Plaintiffs-Counterdefendants Robert Deiner and Michelle Deiner, Defendant-Counterplaintiff The United States alleges as follows:

1. Pursuant to 26 U.S.C. §7401, proper authorization has been given for this counterclaim against the Plaintiffs-Counterdefendants for interest due on their underpayment of tax and applicable penalties.

2. Plaintiffs-Counterdefendants had taxable income of $110,125,759.00 for the year ending December 31, 2000, and were required to pay federal income taxes and file a tax return for that year. Plaintiff-Counterdefendants received an extension to October 15, 2001, for filing their return. Payment of all taxes was nevertheless due by April 15, 2001. Plaintiff-Counterdefendants paid $9,866,759.00 in taxes by April 15, 2001. Plaintiffs paid additional taxes for the year 2000 in the amount of $1,804.00 in December 2001.

3. Plaintiffs-Counterdefendants underpaid their federal income tax in the amount of $12,664,612.00. They did not pay this portion of the full tax imposed when due but instead paid it on January 4, 2005, in response to a Notice of Deficiency from the IRS.

4. Plaintiff-Counterdefendants' failure to pay the above amount of tax when due was attributable to (a) negligence or disregard of rules or regulations, (b) a substantial understatement

Case 1:05-cv-00971-CCM Document 5 Filed 11/07/2005 Page 7 of 8

of income tax; or (c) a substantial valuation misstatement. Accordingly, under 26 U.S.C. §6662(a), Plaintiff-Counterdefendants were subject to a 20% penalty in the amount of $2,532,922.40.

5. Plaintiff-Counterdefendants paid this penalty on January 4, 2005.

6. Pursuant to 26 U.S.C. §6601(a), interest accrued on Plaintiff-Counterdefendants' underpayment of income tax.

7. Pursuant to 26 U.S.C. §6601(e)(2)(B), interest accrued on the penalty assessed against Plaintiff-Counterdefendants.

8. The interest owed by plaintiffs totals $2,895,619.82. Plaintiff-Counterdefendants did not pay any portion of this interest when they paid their additional income taxes and penalties on January 4, 2005.

9. Interest was assessed against Plaintiff-Counterdefendants by the IRS on February 9, 2005, and partially abated on March 14, 2005. The net amount of interest owed by Plaintiff-Counterdefendants is $2,895,619.82.

WHEREFORE, The United States prays that this Court enter judgment in its favor and against Plaintiffs-Counterdefendants in the amount of $2,895,619.82 plus costs and any other relief the Court deems just and appropriate.

Respectfully submitted,

s/ Cory A. Johnson
Cory A. Johnson
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

Eileen J. O'Connor
Assistant Attorney General
David Gustafson
Acting Chief, Court of Federal Claims Section
Steven I. Frahm
Assistant Chief, Court of Federal Claims Section

s/ Steven I. Frahm
Of Counsel

Dated: November 7, 2005